WAY v. RODDY et al.

(Court of Civil Appeals of Texas. Dallas. Nov. 4, 1911.)

1. WATERS AND WATER COURSES (§ 54*)—DIVERSION.

A landowner cannot lawfully construct an embankment that turns the overflow of a stream upon the land of another.

[Ed. Note.—For other cases, see Waters and Water Courses, Dec. Dig. § 54.*]

2. WATERS AND WATER COURSES (§ 63*)—DIVERSION OF OVERFLOW—INJURY—EVIDENCE—SUFFICIENCY.

In an action to enjoin the construction of a levee, evidence *held* insufficient to show injury to plaintiff by a wrongful diversion of the overflow of a stream.

[Ed. Note.—For other cases, see Waters and Water Courses, Dec. Dig. § 63.*]

Appeal from District Court, Dallas County; J. C. Roberts, Judge.

Action by F. E. Way against J. J. Roddy and others. From an order dissolving a temporary injunction, plaintiff appeals. Affirmed.

Morris & Pope, for appellant. Gano, Gano & Gano, for appellees.

RAINEY, C. J. This is an 'appeal from an order dissolving a temporary injunction granted appellant restraining appellees from constructing a levee or embankment on the south and west sides ·of a tract of land owned by appellees, which is claimed would turn the waters of Mountain creek ·in cases of ordinary overflow upon the land of appellant and cause him irreparable injury and damage. On the motion to dissolve the court heard testimony, at the conclusion of which the order was entered in favor of appellees.

[1] It is well settled that an owner of a tract of land situated near a stream cannot lawfully construct an embankment that turns the waters of an overflow of such stream upon the land of another, if such turning injures that other.

[2] But does the evidence show that the embankment being constructed by appellees shows such injury to appellant as authorizes the injunction sought? We think not. The evidence shows that appellant's land contains 320 acres, lying in the middle of Mountain creek valley, one-half mile wide, east and west, and one mile long, north and south, about 240 acres lying west of the

creek and about 80 acres lying to the east thereof. Appellees' land lies east and adjoins appellant's, and extends along the entire length of said 320 acres. It lies partly in the valley, but chiefly east of the valley. The portion attempting to be levied is about 85 acres, and lies in the southwest corner of their tract. The creek enters appellant's land at the south about the middle of his south line, then runs northeasterly to a point about one-half mile, when it crosses on to appellees' land, and then, after flowing on appellees' land near the line a short distance, runs back on appellant's land to the north line, crossing it 100 or 200 varas west of his northeast corner. The levee begins on appellees' south line at the foot of the hills, thence west along said south line to appellees' southeast corner, thence north along their west line 2,600 feet to where the creek crosses the dividing line, and then it turns. east or northeast on appellees' land to a small creek. Appellant's land is lower than appellees', and overflows before the water reaches appellees'. On appellant's 85-acre tract, beginning about 700 feet north of his south line, is a swale, or low depression, which extends north past the point at which the north line of the levee is intended to· cross. An overflow first gets on appellees' land by backing up this low depression from the north after appellant's land is under water. The effect of the levee would be to· deepen the water on appellant's land, not exceeding six inches in the highest flood which would not materially injure the land of appellant.

We conclude that the evidence fails to· show that the construction of the levee will cause such material damage to appellant's· land as to warrant the writ of injunction, and there is no error in the judgment of the· court in dissolving it. There has been no· overflow since any part of the levee has been constructed, and the probable damage, as estimated by appellant's witnesses, is mere· speculation, and not based upon any positive· facts known to the witnesses as to justify their conclusion.

The judgment is affirmed.